```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION

TERRY WASHINGTON,                )
                                 )
Plaintiff,                       )
                                 )
vs.                              )       NO. 3:11-CV-376
                                 )
MICHAEL DVORAK,                  )
                                 )
Defendant.                       )
```

**OPINION AND ORDER**

This matter is before the Court on a complaint filed pursuant to 28 U.S.C. § 1983 by Terry Washington, a *pro se* prisoner. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Terry Washington, a *pro se* prisoner, alleges that property was taken from him when he was arrested by state officials. On September 29, 2008, the state court issued an order in his criminal case granting his motion for the release of his property. (DE # 1-1 at 1). When the property was not returned, the state court issued an order in his criminal case on February 19, 2009, stating that he, "may wish to consider taking whatever civil action may be appropriate." *Id.* at 8.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Fourteenth Amendment provides that state officials may not deprive a person of his property without due process of law. "No State shall . . . deprive any person of . . . property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Nevertheless, if a state provides a method by which a person can seek

reimbursement for the depravation of his property, this meets the requirements of the due process clause because it provides due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Though it is not entirely clear what post-deprivation civil process Indiana provides in this circumstance, Washington faces an even greater barrier to pursuing a § 1983 claim in this case. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). "For . . . § 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004).

It is arguable that Washington should have known that he had sustained an injury even before the State court issued its order granting his motion for the return of property on September 29, 2008. Nevertheless, at the latest, he knew that he had sustained an injury when the court advised him to pursue a civil remedy on February 19, 2009. Using that date, the last day he could have filed this § 1983 claim was February 19, 2011. Washington did not sign this complaint until September 2, 2011, more than six months after the statute of limitations expired on this claim. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claim is time

barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009).

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: September 23, 2011**            /s/RUDY LOZANO, Judge
                                                                          United States District Court